**Jeanette Ueda COLLIER; Stephen Carroll Collier, Plaintiffs—Appellants,**

v.

**Dennis L. PARIZEK; et al., Defendants—Appellees.**

No. 06–35017.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 11, 2007.

Stephen Carroll Collier, Anchorage, AK, pro se.

Thomas J. Clark, Attorney, John A. Nolet, Esq., U.S. Department of Justice, Tax Division, Washington, DC, Parry Grover, Esq., John A. Nolet, Esq., Davis Wright Tremaine LLP, Anchorage, AK, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Jeanette Ueda Collier and Stephen Carroll Collier appeal pro se from the district court's order dismissing their action for injunctive relief, alleging that employees of the Internal Revenue Service and Mr. Collier's employer instituted improper levy actions against them. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Elias v. Connett,* 908 F.2d 521, 523 (9th Cir.1990), we affirm.

The district court properly dismissed the Colliers' action because it is barred by the Anti–Injunction Act. *See* 26 U.S.C. § 7421(a). The Colliers offer no basis for concluding that their claims against the government's levy actions fall into the judicial exception to the Anti–Injunction Act. *See Elias,* 908 F.2d at 525 (requiring taxpayer to demonstrate that government cannot ultimately prevail on the merits and that taxpayer will suffer irreparable injury without injunctive relief).

Because Mr. Collier's claims against his employer are based on withholding·actions it took pursuant to mandatory legal duties, the district court also properly dismissed those claims. *See* 26 U.S.C. § 6332 (re-quiring party in possession of property subject to levy to surrender such property); *see also Bright v. Bechtel Petroleum, Inc.,* 780 F.2d 766, 770 (9th Cir.1986) (holding that suit against employer for withholding taxes is barred by Anti–Injunction Act).

The Colliers' remaining contentions lack merit.

Because the arguments raised in the Colliers' appeal are frivolous, we grant the government's motion for sanctions, and we award sanctions in the amount of $4,000. *See* Fed. R.App. P. 38; *Grimes v. Comm'r,* 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam). For the same reason, we grant Appellee General Communications, Inc.'s motion for sanctions in the amount of $2,776.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.